# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| **SKYBRIDGE RESOURCES, LLC**<br>9300 Shelbyville Road<br>Louisville, KY 40222<br><br>　　　　PLAINTIFF,<br><br>v.<br><br>**PHILADELPHIA INDEMNITY<br>INSURANCE COMPANY**<br>One Bala Plaza Suite 100,<br>Bala Cynwyd, PA 19004<br><br>SERVE:　CT CORPORATION SYSTEM<br>　　　　　306 West Main Street Suite 512<br>　　　　　Frankfort, KY 40601<br><br>　　　　DEFENDANT. | **Case No:** 3:24-CV-680-DJH<br><br>**Judge:** David J. Hale |

## COMPLAINT WITH JURY DEMAND

Comes the Plaintiff, Skybridge Resources, LLC, by Counsel, and for its Complaint against Defendant, Philadelphia Indemnity Insurance Company, states as follows:

### I. PARTIES, JURISDICTION & VENUE

1.　Plaintiff Skybridge Resources, LLC (hereinafter referred to as "Skybridge") is a Limited Liability Company organized under the laws of the State of Florida, with its principal office in Tampa, Florida, and doing business in Jefferson County, Kentucky.

2.　All LLC members of Skybridge are established citizens and residents of Florida or Georgia.

3.　At all times relevant hereto, Philadelphia Indemnity Insurance Company

(hereinafter referred to as "Philadelphia"), was and is an insurance company licensed to write casualty insurance in the Commonwealth of Kentucky, with its principal place of business in Bala Cynwyd, Pennsylvania, and doing business in Jefferson County, Kentucky.

4. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

5. Venue is appropriate in this Court and this Division of this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District and in this Division.

## II. FACTUAL SUMMARY

6. The Plaintiff in this lawsuit, Skybridge, is currently a defendant in an employment action pending in the United States District Court, Western District of Kentucky, Louisville Division, Case No. 3:23-cv-00345-DJH-CHL (hereinafter referred to as "the Underlying Litigation").

7. The underlying litigation concerns claims of a former employee of Skybridge, alleging employment discrimination and retaliation, wherein that employee tendered his resignation with Skybridge on October 19, 2021. Thereafter, that employee brought suit against Skybridge on July 5, 2023.

8. Philadelphia issued a Private Company Protection Plus policy of insurance (Policy No. PHPK2422414) to Skybridge for the period of May 10, 2022, through June 10, 2023, and a second Private Company Protection Plus policy of insurance (Policy No. PHPK2562942) to Skybridge for the period of June 10, 2023, through June 10, 2024 (collectively, "the Private Company Protection Plus policies"). Skybridge timely paid and Philadelphia accepted insurance

premiums in exchange for insurance benefits and entitlements under each insurance contract.

9. The Private Company Protection Plus policies issued by Philadelphia to Skybridge each contained a Part entitled "Employment Practices Liability Insurance," which provided coverage to Skybridge for claims of employment discrimination or retaliation.

10. Skybridge has conformed with all the duties and obligations conferred to it by the Private Company Protection Plus policies.

11. Skybridge was and is entitled to a defense and indemnification for the underlying claim in accordance with the terms, declaration, conditions, definitions, endorsements and provisions therein, all at the cost and expense of Philadelphia.

12. The Private Company Protection Plus policies issued by Philadelphia led Skybridge to reasonably believe that Skybridge would be properly defended and indemnified for the underlying claim and litigation.

13. Skybridge first received notice that a claim was being brought against it in July of 2023 when it received the Summons and Complaint in the Underlying Litigation. Skybridge timely notified Philadelphia of the claim brought against it.

14. On November 15, 2023, Philadelphia denied Skybridge's claims for defense and indemnity in the Underlying Litigation.

15. On April 1, 2024, Skybridge informed Philadelphia that new and novel claims within the purview of the Private Company Protection Plus policies had been asserted against it in the Underlying Litigation via an Amended Complaint. Skybridge again requested that Philadelphia provide it a defense and indemnity for all claims asserted against it.

16. On April 9, 2024, via a one-line email, Philadelphia again denied Skybridge defense and indemnity for claims made against it in the Underlying Litigation.

17. On April 26, 2024, Skybridge appealed the denial and demanded that Philadelphia tender a defense and indemnify Skybridge for claims asserted against it in the Underlying Litigation. To date, over six months later Philadelphia has repeatedly failed to substantively reply to this demand, despite insistent inquiries by Skybridge.

18. To date, Philadelphia has not tendered a defense or offered indemnity to Skybridge for the claims brought in the Underlying Litigation.

19. As a result of Philadelphia's failure to conform with its contractual obligations under the Private Company Protection Plus policies, Skybridge has been forced to defend itself in the Underlying Litigation and to pay for all associated costs to date.

20. The underlying litigation is ongoing, with discovery only to begin in January 2025.

### III. DECLARATORY RELIEF

21. Skybridge incorporates by reference the factual allegations contained in Paragraphs 1-19.

22. Philadelphia has refused to provide a defense or indemnity to Skybridge for claims properly presented to Philadelphia and covered by the Private Company Protection Plus policies.

23. Because Skybridge has satisfied the terms of the Private Company Protection Plus policies and the claims brought against it are covered by the Private Company Protection Plus policies, Philadelphia has a duty to defend and indemnify Skybridge in the Underlying Litigation.

24. Skybridge seeks relief from this Court pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* and Federal Rule of Civil Procedure 57.

25. Skybridge seeks a declaration that Philadelphia has a duty to defend Skybridge in the Underlying Litigation under the terms, declaration, conditions, definitions, endorsements and provisions of Private Company Protection Plus Policy No. PHPK2562942.

26. Skybridge seeks a declaration that Philadelphia has a duty to indemnify Skybridge for any damages assessed against Skybridge in the Underlying Litigation under the terms, declaration, conditions, definitions, endorsements and provisions of Private Company Protection Plus Policy No. PHPK2562942.

### IV. BAD FAITH

27. Skybridge incorporates by reference the factual allegations contained in Paragraphs 1-25.

28. Philadelphia, at all times related hereto, had a duty to act in good faith, deal fairly with Skybridge, attempt to effectuate a fair and reasonable resolution of matters complained of in the Underlying Litigation, and to protect Skybridge from payment of the costs of defense and exposure to claims of damages.

29. Without conducting a reasonable investigation based on all available information, Philadelphia denied, and has continued to deny, insurance coverage and benefits for an unreasonable and extended period of time despite having received notice of the Underlying Litigation in this case as well as multiple requests for coverage and defense. Philadelphia knew or should have known that there was no reasonable basis for its actions.

30. Philadelphia has failed to promptly and reasonably provide defense and indemnity pursuant to the terms, declaration, conditions, definitions, endorsements and provisions of Private Company Protection Plus Policy No. PHPK2562942. Through Philadelphia's actions and/or refusals to act, Philadelphia has breached its contractual obligations and has breached common law duties, including fiduciary duties, and has acted in bad faith.

31. Philadelphia has breached duties owed to Skybridge under Kentucky's Unfair Claims Settlement Practices Act as set out in KRS 304.12-230 *et seq.*

32. As a direct and proximate result of Philadelphia's breach of common law duties, including breach of fiduciary duties, failure to act in good faith and failure to deal fairly with Skybridge, Skybridge has been damaged and unfairly been caused to incur costs, expenses, and losses to its detriment in an amount in excess of the jurisdictional limits of this Court.

33. As a direct and proximate result of Philadelphia's breach of common law duties, including breach of fiduciary duties, failure to act in good faith and failure to deal fairly with Skybridge, Skybridge will continue to be damaged and unfairly be caused to incur costs, expenses, and losses to its detriment in an amount in excess of the jurisdictional limits of this Court.

34. Philadelphia has acted toward Skybridge outrageously, with oppression, gross negligence, fraud, malice and with reckless indifference to the rights of Skybridge.

35. As a direct and proximate result of Philadelphia's actions and/or failure to provide a defense, Skybridge is entitled to a defense in the Underlying Litigation, indemnification, and recovery to all damages it has incurred related to the Underlying Litigation, all attorney fees and costs incurred and expended prior to and during this litigation an the Underlying Litigation (including pre and post-judgment interest), and punitive damages in a reasonable sum to deter Philadelphia and others similarly situated from engaging in such conduct in the future.

## V. REQUEST FOR JURY TRIAL

36. Skybridge requests a jury trial under the Federal Rules of Civil Procedure for all issues so triable.

**WHEREFORE**, Plaintiff Skybridge Resources, LLC, by counsel, respectfully demands as follows:

    A. That the Court adjudicate Skybridge's rights with regard to the Underlying Litigation, and declare that Philadelphia has a duty to defend Skybridge

       against all claims in the Underlying Litigation;

B.    That the Court adjudicate Skybridge's rights with regard to the Underlying Litigation, and declare that Philadelphia has a duty to indemnify Skybridge for any damages assessed against it in the Underlying Litigation;

C.    Judgment for Skybridge against Philadelphia in an amount which will fairly compensate Skybridge for its economic loss, including attorney fees;

D.    Judgment for Skybridge against Philadelphia for punitive damages in an amount to be determined;

E.    That Skybridge receive its costs herein expended, including a reasonable fee for its attorney in this case as appropriate;

F.    That Skybridge receive all other proper orders and relief to which it may appear entitled, including a jury determination on all issues so triable.

Respectfully submitted,

*/s/Jennifer A. Peterson*
Jennifer A. Peterson
TRAVIS HERBERT & STEMPIEN, PLLC
Jefferson Marders Building
11507 Main Street
Louisville, KY 40243
Phone:  (502) 245-7474
Fax:     (502) 245-7025
*Counsel for Plaintiff*
*Skybridge Resources, LLC*